NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—October, 1883.

## SLOSSON v. NAYLOR.

*In the matter of the judicial settlement of the account of* PETER NAYLOR *and* BENJAMIN HAXTUN, *trustees, under the will of* PETER NAYLOR, *deceased, of the estate of* JOSEPHINE SLOSSON.

Where the principal of a trust fund is less than $100,000, income thereof cannot be added thereto, in order to produce an amount equal to such sum, upon which two or three testamentary trustees may have separate commissions under Code Civ. Pro., §§ 2736, 2811.

Matter of Leggatt, 4 *Redf.*, 148—distinguished.

Since the repeal of L. 1866, ch. 115, testamentary trustees stand upon

the same footing as executors in like cases, in reference to the *rate of* commissions to which they are entitled, upon both principal and income.

For the purpose of fixing the rate of computation of executors' commissions upon income, the income is to be regarded as an addition to the principal; and if commissions have been awarded upon the principal on a basis of five, two and one half, and one per cent., successively, no greater compensation than at the last mentioned rate can be allowed upon the income received and paid out.

Testatrix, by her will, expressly provided for the setting apart of a fund, the income of which she gave to one for life, and directed that, after its separation from the body of the estate, it should be held by the executors as trustees for the beneficiary. The separation having been in fact effected; the executors continued to hold and manage the fund as trustees, and, on their accounting in the latter capacity, applied for commissions on the principal, upon which they had already received commissions as executors.—

*Held,* that the application should be granted.

APPLICATION by testamentary trustees for commissions, upon a judicial settlement of their account. The facts appear sufficiently in the opinion.

EVARTS, SOUTHMAYD & CHOATE, *for B. Haxtun.*

STEPHEN A. WALKER, *for Josephine Slosson and another.*

THOMAS T. SHERMAN, *for P. Naylor.*

THE SURROGATE.—The trustees of a certain fund, the income of which was given by decedent's will to a beneficiary for life, have filed their account, and a decree settling the same is about to be entered.

Upon this settlement, the following questions are presented for determination:

1st. Are the accounting parties, who have already, in their capacity as executors, received commissions from this fund, entitled upon the present accounting to be awarded commissions as trustees?

2nd. If so entitled, should *each* of them be allowed

the commissions which he could justly have claimed, had he been *sole* trustee, for receiving the principal which is still held in trust, and for receiving and paying out the income?

3rd. If *such* commissions cannot be allowed, then at what rate per cent. should commissions be granted upon the income about to be distributed?

*First.*—I hold that the parties accounting are now entitled to commissions upon the principal of the trust fund, as well as upon the income. The testator's will made express provision for the setting apart of the fund in question, and directed that, after its separation from the body of the estate, it should be held in trust by the executors, as trustees for the beneficiary. The accounts previously filed herein, and the decree settling the same, show that the separation directed by the will was in fact effected, and that, after such separation, the executors continued to hold and manage the fund as trustees.

*Second.*—The amount of the principal of this fund is less than $100,000, but it is claimed that, as the principal and income, taken together, are in excess of that sum, each trustee is entitled, under §§ 2811 and 2736 of the Code of Civil Procedure to one half commissions for receiving the principal, and to full commissions for receiving and disbursing the income. This claim does not seem to me well founded (see Savage v. Sherman, *24 Hun, 314*). The decision in Matter of Leggatt (*4 Redf., 149*) seems to support the view here contended for by the trustees, but that decision was made with reference to a state of facts very different from the present. The rents of certain real

estate which the executors, as such, had no authority to receive, were in fact collected by them and accounted for, with the consent of the parties in interest. Such rents, added to the corpus of the personalty, amounted to more than $100,000, and upon this fund full commissions were allowed by the Surrogate to each of the executors. It does not appear, upon the statement of the facts, that the rents so received were regarded strictly as income in the computation of commissions. Their collection being unauthorized, and the will containing, so far as appears, no provision for the collection or disposition of income, the rents in question might very properly have been treated as substantially an accession to the personalty, and as forming, therefore, a part of the principal of the estate, rather than of income collected. In any other view than this, the decision seems opposed to that of the Supreme court, general term of this department, in Savage v. Sherman (*supra*). Upon the whole, I hold that the trustees are entitled to receive such commissions only as would have been granted to one of their number in case he had been sole trustee.

*Third.*—The rate at which the commissions should be computed is the same as that which is applicable to executors in like cases, and this as regards both income and principal. Whatever may have been the rule on this subject when chapter 115 of the Laws of 1866 was in force, that act having been repealed by the general repealing act of May 10th, 1880, the trustees now stand, with reference to commissions, upon the same footing as executors. Cram v. Cram (*2 Redf.*, *244*), and Ward v. Ford (*4 Redf.*, *34*) are cases which seem to counte-

nance the claim of the trustees to a higher rate; but the decision in the former case, which is approvingly referred to in the latter, was based upon the provision of the act of 1866, which, as already noted, has been since repealed. For the purpose of fixing the rate for computation of executors' commissions upon income, such income must be regarded as an addition to the principal, and if commissions have been awarded upon the principal on a basis of five, two and one half, and one per cent., no greater compensation than at the rate of one per cent. can be allowed upon the income received and paid out (Lansing v. Lansing, *45 Barb.*, *182;* Drake v. Price, *5 N. Y.*, *430;* Betts v. Betts, *4 Abb. N. C.*, *437*, *442;* Meeker v. Crawford, *5 Redf.*, *463*).